Sedgwick, J.
When the defendants received the plaintiffs’ orders to insure, from whatever obligation they were bound to make the insurance, having undertaken it, they were bound to act faithfully, prudently, and skilfully, and to make every exertion which such a confidence reposed in them required. They were bound to conduct with the greatest fidelity, punctuality, and circumspection.
The vessel was, at the time the orders were received, out ot time. On that day, the defendants went to the several offices, public and prhate, in Boston; and not being able to obtain insurance at any of them, at any rate, on the same day they wrote to Providence, Newburyport, Portsmouth, and Salem. At neither of these places could insurance be obtained. No fault is found with the orders which were given. So far the conduct of the defendants was prompt; they extended their efforts, at least, as far as their duty required.
When this was done, had nothing more been done, it is agreed that the plaintiffs would have had no claim against the defendants, for the loss which they have sustained.
Every thing done by the defendants, after having performed all that their relation to the plaintiffs required, was merely voluntary They did make an application to their correspondents in New York, to get the insurance done there, in which they expressed a hope that it might be effected at a moderate premium. There was no possible motive on the part of the defendants to intend to injure *214 the plaintiffs. In fact, they did not injure them; but, on the contrary, through their means an insurance was obtained, [ # 262 ] * whereby the loss, which the plaintiffs would otherwise have sustained, has been lessened. The intention of the defendants was, not to injure, but to benefit the plaintiffs.
Now, it is believed to be impossible to find an instance where a man, in a voluntary effort (not required by any principle of law) to render a benefit to another, has been holden to make good any loss, which may have happened, merely because his generous efforts did not succeed. The utmost for which he can be responsible is a • positive loss, which his efforts may have occasioned; and as there is none such in this case, we are all of opinion that

Judgment must be rendered on the verdict.